UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIE G. DANIELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:14-CV-546-TAV-CCS ) |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") [Doc. 21] filed by United States Magistrate Judge C. Clifford Shirley, Jr., on December 30, 2015. In the R&R, Magistrate Judge Shirley recommends that plaintiff's motion for summary judgment [Doc. 16] be granted in part and that defendant's motion for summary judgment [Doc. 19] be denied. Defendant filed objections to the R&R [Doc. 22]. Plaintiff did not file a response to the objections, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1, 7.2.

## I. Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Although the Court is required to engage in a *de novo*

review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II.     Analysis**

Defendant makes three objections to the R&R: (1) to the magistrate judge's finding that the ALJ must reweigh the testimony of Ms. Williams, plaintiff's ex-wife; (2) to the magistrate judge's finding that the ALJ erred in failing to explicitly address Dr. Blane's opinion that plaintiff could only sit for two hours, stand for thirty minutes, and walk for fifteen minutes at one time without interruption; and (3) to the magistrate judge's finding that the ALJ failed to provide a full discussion as to what extent, if any,

plaintiff's non-exertional limitations affected his RFC [Doc. 22]. Upon review of the record, the Court finds that these objections do "nothing more than state a disagreement with [the magistrate judge's] suggested resolution." *See VanDiver*, 304 F. Supp. 2d at 937. Accordingly, *de novo* review of those arguments would make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. The Court, therefore, does not consider defendant's arguments to be specific objections to the R&R and the Court will treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### III. Conclusion

For the reasons stated herein, and upon de novo review of the record in this case, the Court hereby **ACCEPTS IN WHOLE** the R&R [Doc. 21] and **GRANTS IN PART** plaintiff's motion for summary judgment [Doc. 16] and **DENIES** defendant's motion for summary judgment [Doc. 19]. This case is hereby **REMANDED** for further proceedings consistent with the Report and Recommendation.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE