UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIE GARRETT DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-546-TAV-CCS |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the District Court's Order of Referral [Doc. 31] for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Doc. 29], filed on May 26, 2016. The Plaintiff requests that the Court enter an Order awarding attorney's fees in the amount of $5,002.33 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I.  BACKGROUND**

The Plaintiff and Commissioner filed competing dispositive motions [Docs. 16 & 19] in this case on June 8, 2015, and July 28, 2015, respectively. The undersigned entered a Report and Recommendation [Doc. 21] on December 30, 2015, recommending that the Plaintiff's Motion for Summary Judgment be granted in part, and the Commissioner's Motion for Summary be Judgment be denied. Specifically, the undersigned recommended that the case be remanded to

1

the Administrative Law Judge to reconsider third party testimony, the Plaintiff's credibility, the Plaintiff's non-exertional limitations and the effect, if any, upon the Plaintiff's RFC as opinioned by a consultative examiner, and the need for vocational expert testimony. On February 29, 2016, Chief United States District Judge Thomas A. Varlan entered a Memorandum Opinion and Order [Doc. 25] accepting in whole the undersigned's Report and Recommendation. A Judgment Order [Doc. 26] was contemporaneously entered the same day, remanding the case for further proceedings. The Plaintiff subsequently filed the instant motion on May 26, 2016.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

### A. Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). Thus, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose the Plaintiff's request for attorney's fees under the EAJA [Doc. 32], thereby conceding that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In support of his motion for attorney's fees, Plaintiff's counsel submitted an affidavit and itemized statement detailing the work performed in this case on behalf of the Plaintiff which amounted to $5,002.33[1] in attorney's fees. [Docs. 29-1, 29-3]. The Court observes that the motion included a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

---

[1] This amount represents 0.7 attorney hours spent in 2014 at a rate of $179.80 per hour, 23.3 attorney hours spent in 2015 at a rate of $182.64 per hour, and 3.4 attorney hours spent in 2016 at a rate of $182.64 per hour.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to the Plaintiff's request for attorney's fees and has conceded that the Plaintiff is entitled to $5,002.33 in fees. The Court has considered the amount requested, and the Court finds that the fee amount is reasonable.

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [**Doc. 29**] be **GRANTED**, and a judgment awarding Plaintiff the amount of $5,002.33 for attorney's fees pursuant to the EAJA be entered.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).